IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| JUSTIN SHIPP; VINCENT TATE; AND TERRENCE YAZEL, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CENTRAL STATES MANUFACTURING, INC.; CENTRAL STATES MANUFACTURING, INC. BOARD OF DIRECTORS; GREATBANC TRUST CO.; JAMES SLIKER; CHAD WARE; THOMAS FERREE; MATT KRAMER; TINA CHANG; AND MATTHEW STITES,<br><br>Defendants. | Case No.: 5:23-cv-05215-TLB |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' RENEWED MOTION
TO EXCLUDE THE EXPERT REPORTS AND TESTIMONY OF DANA MESSINA**

District courts are the gatekeepers of expert testimony, regardless of whether the trial is a jury trial or bench trial. Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 158-59 (1999). An expert must be qualified and his opinions must be helpful. *Barrett v. Rhodia, Inc.*, 606 F.3d 975, 980 (8th Cir. 2010); *Arkwright Mut. Ins. Co. v. Gwinner Oil, Inc.*, 125 F.3d 1176, 1183 (8th Cir. 1997). If this case proceeds to trial, the Court should exclude Dana Messina's testimony.[1]

I. **Messina Lacks the Necessary Qualifications and Experience to Serve as an Expert.**

Messina has no "specialized knowledge to assist the [Court] 'in deciding the particular issues in th[is] case.'" *Carmichael*, 526 U.S. at 156. By his own admission, Messina has: (i) no experience with ESOP repurchase obligation strategies; (ii) never managed or advised mature ESOP-owned companies; (iii) no relevant experience as an ERISA fiduciary; and (iv) never advised ERISA fiduciaries. Dkt. 117 at 10-11. Nor does Messina have any other experience, training, certifications, or education related to the post-transaction administration of ESOPs, including managing the repurchase obligation or evaluating repurchase obligation strategies. *Id.* at 11. Indeed, Messina's ***only*** exposure to repurchase obligations is as a "tangential issue" in a handful of past expert engagements—in dissimilar cases—as a hired gun for the Department of Labor and ERISA plaintiffs' bar. *Id.* at 1, 11. Accordingly, the Court should exclude Messina's proffered opinions if this case proceeds to trial. *See* Dkt. 117 at 10-12; Dkt. 138 at 2-3.

II. **Messina Offers Improper Legal Conclusions Supported Only by His Own *Ipse Dixit*.**

To be admissible, Messina must offer "opinions regarding prudent practices [] based on his familiarity with industry standards and practices." *Troudt v. Oracle Corp.*, 369 F. Supp. 3d 1134,

---

[1] These arguments are set forth more fully in Defendants' Memorandum in Support of Their Motion to Exclude the Expert Reports and Testimony of Dana Messina (Dkt. 117) and Defendants' Reply in Support of Their Motion to Exclude the Expert Reports and Testimony of Dana Messina (Dkt. 138), which are incorporated by reference herein.

1142 (D. Colo. 2019). This is because ERISA's duty of prudence is "inherently comparative," meaning "[c]ourts evaluate this standard by examining 'the conduct of similarly situated fiduciaries to provide an objective standard.'" *Spence v. Am. Airlines, Inc.*, 775 F. Supp. 3d 963, 998 (N.D. Tex. 2025). A fiduciary process consistent with "prevailing industry standards" is "fatal to [] breach of prudence claim[s]." *Id.* at 973, 998-99, 1001.

Courts use this same yardstick to measure whether a fiduciary process opinion is admissible; they accept testimony credibly comparing defendants' actions to industry practices with which the expert is familiar. *See, e.g.*; *In re Prime Healthcare ERISA Litig.*, 8:20-cv-015292024 WL 3903232, at *6, *8 (assigning "little to no weight" to expert opinions that "fail[] to describe the purported industry practices against which she found the Committee's practices to be deficient" and instead "offered the *ipse dixit* that the Committee's process was insufficient); Dkt. 138 at 4-5.

Messina admits that his opinion that Defendants' decision-making process was deficient is unmoored from any comparison to industry practices; indeed, he criticizes Defendants' expert for doing precisely what courts require—comparing Defendants' actions to those of other ESOP fiduciaries and sponsors grappling with a burgeoning repurchase obligation. *E.g.*, Dkt. 117 at 13.

Messina argues that industry standard practices are irrelevant because he knows the Truth and industry actors do not. Messina's Truth holds that releveragings are per se impermissible under ERISA, Dkt. 116-61 at 1 (█████████████████████████████████████████████████████████████), and a host of other pronouncements about what ERISA is and how Defendants supposedly violated it. *See, e.g.*, *id.* at 2 (Messina's opinion █████████████████████████████████████████████████████████████████████). He is devoid of any experience or qualifications to declare such Truth, and this archetypal expert *ipse dixit* should be excluded. *Rey v. Gen. Motors LLC*, No. 4:19-CV-00714, 2022 WL 697951, at

2

*2 (W.D. Mo. Mar. 8, 2022) ("It is well-settled that an expert's testimony should be excluded where it is based on subjective belief or unsupported speculation which amounts to no more than a bald conclusion (sometimes called an 'ipse dixit' opinion) . . . .").

Lacking any experience with relevant industry practices, Messina perpetuates his improper legal positing when he purports to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Dkt. 117 at 13. His reports repeatedly emphasize that his opinions—in contrast to the opinions of Defendants' expert, Richard May, which are tethered to comparisons to industry practices—apply law to facts to conclude that Defendants had and breached their ERISA fiduciary duties. *See, e.g.*, 116-61 at 4, 6, 18, 21, 25; Dkt. 116-60 at 2, 6-8, 26, 28. This is exactly the type of *ipse dixit*—legal opinion *ipse dixit* at that—that courts routinely exclude. *See* Dkt. 117 at 12-14, Dkt. 138 at 3-6.

### III.     Messina's Proffered Damages Opinions are Inadmissible

Messina's opinions on the "harm" suffered by ESOP participants—and the associated monetary relief sought—are similarly inadmissible because they rely on three flawed conclusions that:

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Because these opinions are "speculative, unsupported by sufficient facts, [and] contrary to the facts of the case," *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 757 (8th Cir. 2006), they are not the "product of reliable principles and methods," Fed. R. Evid. 702, and should be excluded if this case proceeds to trial. *See* Dkt. 117 at 19-25; Dkt. 138 at 6-7.

3

Dated: October 17, 2025

/s/ Mark A. Nebrig
Mark A. Nebrig (pro hac vice)
North Carolina Bar No. 28710
Joseph M. Piligian (pro hac vice)
North Carolina Bar No. 57533
Chassity N. Bobbitt (pro hac vice)
North Carolina Bar No. 60421
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28205
Telephone: (704) 331-3602
Facsimile: (704) 339-5974
marknebrig@mvalaw.com
joepiligian@mvalaw.com
chassitybobbitt@mvalaw.com

Nathan A. Read (Ark. Bar No. 2012137)
Devin R. Bates (Ark. Bar No. 2016184)
MITCHELL, WILLIAMS, SELIG
GATES & WOODYARD, P.L.L.C.
4206 South J.B. Hunt Drive, Suite 200
Rogers, Arkansas 72758
Telephone: (479) 464-5663
Facsimile: (479) 464-5680
nread@mwlaw.com
dbates@mwlaw.com

*Counsel for Defendants James A. Sliker; Chad Ware; Matthew K. Sites; Thomas J. Ferree; Tina Chang; Matt Kramer; Central States Manufacturing, Inc.; and Central States Manufacturing, Inc. Board of Directors*

Respectfully submitted,

/s/ Andrew D. Salek-Raham
Lars C. Golumbic (*pro hac vice*)
Andrew D. Salek-Raham (*pro hac vice*)
Larry M. Blocho Jr. (*pro hac vice*)
Groom Law Group, Chartered
1701 Pennsylvania Ave., N.W.
Suite 1200
Washington, D.C. 20006
Tel: (202) 861-6615
Fax: (202) 659-4503
lgolumbic@groom.com
asalek-raham@groom.com
lblocho@groom.com

*Counsel for Defendant GreatBanc Trust Co.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2025 I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to all parties of record.

/s/ *Andrew D. Salek-Raham*
Andrew D. Salek-Raham (*pro hac vice*)