IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JUSTIN SHIPP; VINCENT TATE;
and TERRENCE YAZEL,
individually and on behalf of others
similarly situated,                                                    **PLAINTIFFS**

vs.    **Case No. 5:23-cv-05215-TLB**

CENTRAL STATES MANUFACTURING, INC.;
CENTRAL STATES MANUFACTURING, INC.
BOARD OF DIRECTORS; GREATBANC TRUST CO.;
JAMES SLIKER; CHAD WARE; THOMAS FERREE;
MATT KRAMER; TINA CHANG; AND MATTHEW STITES          **DEFENDANTS**

---

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' RENEWED MOTION TO
EXCLUDE THE EXPERT REPORTS AND TESTIMONY OF DANA MESSINA**

Defendants' motion to exclude the testimony of Plaintiffs' expert, Dana Messina, is fully briefed. Yet now, three months after the July 16, 2026 deadline to file motions to exclude expert witnesses, Defendants have filed a "renewed" version of their still-pending motion to exclude. ECF Nos. 155-157. Plaintiffs are uncertain what a "renewed" motion is. If it provided additional information in support of their earlier motion, it would be an impermissible supplemental reply, filed nearly two months late, ECF No. 105, and without leave of Court. But, excepting stray citations,[1] the "renewed" motion adds nothing new; it incorporates and cites the same arguments made in their original motion and reply brief. Plaintiffs' opposition detailed why Mr. Messina's opinions are appropriate and why he is well qualified to offer expert testimony that will aid the Court as the trier of fact. ECF No. 130 ("Opp."). Plaintiffs defer to the Court on whether to strike or deny the renewed motion, but either way, it should not be considered. Nonetheless, out of an abundance of caution, Plaintiffs briefly explain why Defendants' "renewed" arguments lack merit.

Mr. Messina is the only expert in this case to opine regarding how a prudent and loyal fiduciary would act: a prudent and loyal fiduciary would have analyzed how a proposed ESOP transaction would impact Participant account balances, explored alternatives to minimize or avoid Participant harm, thoroughly investigated the company's financial circumstances to assess whether there was any compelling reason to subject Participants to harm, and, based on the prevailing circumstances, declined to engineer, permit, or approve the Releveraging. Opp. 8-9; 15-19. He then compared Defendants' conduct to how a prudent and loyal fiduciary would have acted. *Id.*

---

[1] Defendants' motion improperly cites, for the first time, *In re Prime Healthcare ERISA Litig.*, 2024 WL 3903232 (C.D. Cal. Aug. 22, 2024). In any event, that court *denied* defendants' *Daubert* motions prior to a bench trial. *Id* at *5. There, the court after trial assigned little weight to certain opinions where an expert failed to describe the practices a prudent and loyal fiduciary would have followed. *Id.* at *6. Here, by contrast, Mr. Messina provided detailed comparisons of Defendants' conduct to how a prudent and loyal fiduciary would have acted based on his specialized knowledge and extensive experience with corporate finance, ESOP transactions, ESOPs, and ERISA plans generally. Opp. 15-17.

Federal courts routinely rely upon such expert opinions in ERISA fiduciary breach cases. Opp. 9, 13-15 (citing cases). While "'an expert may not opine on the ultimate question of whether the party violated ERISA," "an expert may testify about the duty of prudence, the applicable standard of care, and how a party's conduct measured up to the standard of care." *Scalia v. Reliance Tr. Co.*, 2021 WL 795270, at *21 (D. Minn. Mar. 2, 2021).

Defendants protest that Mr. Messina did not compare their conduct to common "industry" practice. This is mistaken for two reasons. First, Defendants misread their cases, which make clear that in discussing expert comparisons to "industry" practices, they referred to comparisons to ERISA *fiduciary* practices. Opp. 9 n.2, 13-14 & n.5, 14-15 (citing cases). Mr. Messina's comparisons to the conduct of prudent and loyal ERISA fiduciaries are fully consistent with these cases. *Id.* Second, Defendants are mistaken to the extent they criticize Mr. Messina for not limiting his opinions to *common* fiduciary practice. A common practice may not be consistent with prudent and loyal practice—the standard required by ERISA, 29 U.S.C. § 1104. Thus, courts routinely permit experts to opine regarding how prudent and loyal fiduciaries *would* have acted, even when that deviates from common practice, as "just because most fiduciaries do something wrong does not mean that they satisfy the standard of care." *Perez v. Bruister*, 54 F. Supp. 3d 629, 640-41 (S.D. Miss. 2014), *aff'd as modified*, 823 F.3d 250 (5th Cir. 2016).[2]

Defendants also misconstrue Mr. Messina's criticism of their expert Mr. May. May opines exclusively regarding common *corporate* practice (i.e., how corporate employers manage their

---

[2] Opp. 14-15 (citing *Pledger v. Reliance Tr. Co*., 2019 WL 4439606, at *11 (N.D. Ga. Feb. 25, 2019) (even if defendants show that an expert's "best practices differ from alleged industry practice," "[t]hese purported flaws … do not make [the expert] opinion inadmissible.'')); *Reliance Trust*, 2021 WL 795270 at *21 (rejecting argument that expert failed to "tether[] such opinions to industry standards among ESOP fiduciaries")). *In re Prime* is in accord. 2024 WL 3903232, at *4. Its reference to "industry" practices referred to "practice in the retirement-benefits industry," and it clarified that "industry practice is not coextensive with ERISA prudence, and the duty of prudence under ERISA may be informed by other considerations." *Id.* (cleaned up).

repurchases obligation); he does not even attempt to opine regarding common *ERISA fiduciary* practices or how a prudent and loyal fiduciary would have acted. Opp. 13-15. These opinions deviate from the proper comparison under ERISA, which is to what "a prudent *fiduciary* in the same circumstances" would have done. *Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409, 428 (2014) (emphasis added). This distinction between *corporate* and *ERISA fiduciary* practice matters a great deal. ERISA fiduciaries must act solely in the interest of Participants; corporate actors not acting as ERISA fiduciaries can act in the interest of their employers. As a result, common corporate practices shed little light on how a prudent and loyal ERISA fiduciary would act.

Next, Mr. Messina's opinions regarding how a prudent and loyal ERISA fiduciary would act were not *ipse dixit*. They were based on his extensive experience as a company executive, board member, ESOP trustee, ERISA fiduciary, and consultant and testifying expert for the U.S. Department of Labor regarding more than 100 ESOPs. Opp. 10-13, 15-17. Defendants' suggestions that Mr. Messina is somehow unqualified to provide his opinions are undermined by his extensive relevant experience and are contrary to caselaw. *Id.* at 12-13.

Finally, Plaintiffs have detailed why Defendants' criticisms of Mr. Messina's opinions regarding monetary harm are baseless. Opp. 19-25. Notably, Defendants do not object to his analyses, based on his corporate finance background, that the Releveraging diluted the value of every share by the same amount or his methodology for calculating each class member's monetary harm if the Court agrees that per-share dilution is an appropriate measure of harm. Opp. 6-7, 19.

At bottom, Defendants' apparent strong desire to exclude Mr. Messina's testimony reflects their understanding that their conduct—which diluted Participants' accrued retirement benefits by 19.3%—cannot possibly withstand the only scrutiny that matters: whether they acted consistent with how a prudent and loyal fiduciary would have acted in like circumstances. 29 U.S.C. § 1104.

DATE: October 24, 2025

Respectfully submitted,

*/s/ Gary Gotto*

Gary Gotto (*pro hac vice*)
3101 N Central Avenue, Suite 1400
Phoenix, AZ 85012-2643
(602) 230-6322 / fax (602) 248-2822
E-mail: ggotto@kellerrorhback.com

Matthew Gerend (*pro hac vice*)
Eric Lombardo (*pro hac vice*)
William K. Dreher (*pro hac vice*)
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3276
(206) 623-1900 / fax (206) 623-3384
E-mail: mgerend@kellerrohrback.com
E-mail: elombardo@kellerrohrback.com
E-mail: wdreher@kellerrohrback.com

Thomas P. Thrash (Ark. Bar No. 80147)
William T. Crowder (Ark. Bar No. 2003138)
THRASH LAW FIRM, P.A.
1101 Garland Street
Little Rock, AR 72201-1214
(501) 374-1058 / fax (501) 374-2222
E-mail: tomthrash@thrashlawfirmpa.com
E-mail: willcrowder@thrashlawfirmpa.com

***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 24th day of October 2025, the foregoing was sent via CM/ECF to the following:

**Counsel for Defendants James A. Sliker; Chad Ware; Matthew K. Stites; Thomas J. Ferree; Tina Chang; Matt Kramer; Central States Manufacturing, Inc.; and Central States Manufacturing, Inc. Board of Directors:**
Mark A. Nebrig
Joseph M. Piligian
Chassity Bobbitt
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, NC 28205
(704) 331-3602 / fax (704) 39-5974
E-mail: marknebrig@mvalaw.com
E-mail: joepiligan@mvalaw.com
E-mail: chassitybobbitt@mvalaw.com

Nathan A. Read (Ark. Bar No. 2012137)
Devin R. Bates (Ark. Bar No. 2016184)
MITCHELL, WILLIAMS, SELIG, GATES & WOODYARD P.L.L.C.
4206 South J.B. Hunt Drive, Suite 200
Rogers, AR 72758
(479) 464-5663 / fax (479) 464-5680
E-mail: nread@mwlaw.com
E-mail: dbates@mwlaw.com

**Counsel for Defendant GreatBanc Trust Company:**
Lars C. Golumbic
Andrew D. Salek-Raham
Larry M. Blocho, Jr.
Caroline Wood
GROOM LAW GROUP
1701 Pennsylvania Ave. NW, Suite 1200
Washington, DC 20006
(202) 861-6615 / fax (202) 659-4503
E-mail: lgolumbic@groom.com
E-mail: asalek-raham@groom.com
E-mail: lblocho@groom.com
E-mail: cwood@groom.com

*/s/ Brooke A. Nelson*
Brooke A. Nelson, Legal Assistant